IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 1:05-53 |
| | ) | |
| AHMED OMAR ABU ALI, | ) | |
| Defendant. | ) | |

**<u>SENTENCING ORDER</u>**

THIS MATTER is before the Court regarding the sentencing of Ahmed Omar Abu Ali ("Mr. Abu Ali"). This case concerns Mr. Ahmed Omar Abu Ali, who was convicted on November 22, 2005, under various statutes that preclude a citizen from rendering, or conspiring to render, assistance or support to a designated foreign terrorist organization. Mr. Abu Ali was convicted of joining Al-Qaeda and participating in a plan to carry out terrorist activities within the United States.[1] The issue before the Court is what sentence is "reasonable" to impose on Ahmed Omar Abu Ali, in light of the federal Sentencing Guidelines and the statutory factors outlined in 18 U.S.C. § 3553(a). The Court

---

[1] Specifically, Mr. Abu Ali was convicted of the following offenses: Conspiracy to Provide Material Support and Resources to a Designated Foreign Terrorist Organization (Al-Qaeda), 18 U.S.C. § 2339B (Count 1); Providing Material Support and Resources to a Designated Foreign Terrorist Organization (Al-Qaeda), 18 U.S.C. § 2339B (Count 2); Conspiracy to Provide Material Support to Terrorists, 18 U.S.C. § 2339A (Count 3); Providing Material Support to Terrorists, 18 U.S.C. § 2339A (Count 4); Contribution of Services to Al-Qaeda, 50 U.S.C. § 1705(b); 31 C.F.R. § 595.204 (Count 5); Receipt of Funds and Services from Al-Qaeda, 50 U.S.C. § 1705(b); 31 C.F.R. § 595.204 (Count 6); Conspiracy to Assassinate the President, 18 U.S.C. § 1751 (Count 7); Conspiracy to Commit Aircraft Piracy, 49 U.S.C. § 46502(a)(2) (Count 8); and Conspiracy to Destroy Aircraft, 18 U.S.C. § 32(b)(4) (Count 9).

finds that a "non-Guidelines" sentence is reasonable and is "sufficient but not greater than necessary to achieve the statutory purposes of sentencing" as required by the federal Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), and sentences Mr. Ahmed Omar Abu Ali to a three hundred sixty (360) month term of imprisonment and a three hundred sixty (360) month term of supervised release at the conclusion of his term of imprisonment.

**I. Standard of Review**

By its decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court rendered the federal Sentencing Guidelines "advisory" rather than "mandatory." However, that decision did not leave district courts with "unguided and unbounded sentencing discretion." *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006). Rather, *Booker* requires district courts to "consult [the federal Sentencing] Guidelines and take them into account when sentencing." *Booker*, 125 S. Ct. at 767 (citing 18 U.S.C. § 3553(a)(4), (5)).

Also, district courts must follow the commands of 18 U.S.C. § 3553, which requires the court to "impose a sentence sufficient, but not greater than necessary, to comply with [the statutory purposes for sentencing]." *Booker*, 125 S. Ct. at 767. As the Fourth Circuit has explained, in order to sentence a defendant post-*Booker*, district courts must engage in a four-step

process. *Green*, 436 F.3d at 455-56. First, courts must properly calculate the sentence range recommended by the Sentencing Guidelines. Second, courts must determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors. Third, courts must implement mandatory statutory limitations. Fourth, courts must articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a). *Green*, 436 F.3d at 456. If a district court does not apply the properly calculated Guidelines range, its reasons for doing so must be based on the factors listed in § 3553(a). *Green*, 436 F.3d at 456.

Appellate courts review a sentence for "unreasonableness," and a "sentence falling outside of the properly calculated Guidelines range is not *ipso facto* unreasonable" and will not be overturned unless that sentence is "based on an error in construing or applying the Guidelines" or "the district court provides an inadequate statement of reasons or relies on improper factors in departing from Guidelines' recommendation." *Green*, 436 F.3d at 457 (citing 18 U.S.C. § 3742(f)(2)).

## II. Analysis

## Step 1 - Calculation of Sentence Range Recommended by the Sentencing Guidelines

First, the Court finds that the sentence range recommended by the Sentencing Guidelines has been properly calculated. Based on the offenses for which he was convicted and the relevant adjustments for his role in those offenses, the defendant's Adjusted Offense Level is forty-nine (49), his Criminal History Category is six (VI), and the resulting applicable Guideline range is a term of life in prison. The Probation Officer declined to recommend an upward adjustment for Mr. Abu Ali in the Pre-Sentence Report for an "aggravating role" in the offense, and the Court similarly denies the government's request to increase Mr. Abu Ali's offense level because it finds that he did not have an "aggravating role" in the offense as contemplated by Section 3B1.1 of the Sentencing Guidelines. Under Fourth Circuit case law,

> [t]o qualify for a *four-level* increase under § 3B1.1(a) of the Sentencing Guidelines, . . . a defendant must have been "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." . . . . The Guidelines provide for a *three-level* increase if a "defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). Finally, § 3B1.1(c) provides for a *two-level* increase when a court finds . . . that a defendant "was an organizer leader, manager, or supervisor in any criminal activity other than that discussed in [Sections 3B1.1 (a) or (b)]."

*United States v. Sayles*, 296 F.3d 219, 224 (4th Cir. 2002).

The Sentencing Commission has identified seven factors for courts to consider in determining whether a defendant had a "leadership and organizational role." See U.S.S.G. § cmt. n.4; see also *Sayles*, 296 F.3d at 224. These factors include: (1) the exercise of the defendant's decision-making authority; (2) the nature of the defendant's participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. See U.S.S.G. § cmt. n.4.

In reviewing the applicable factors in light of the relevant facts of Mr. Abu Ali's case, the Court finds that he did not have a "leadership and organizational role" and therefore does not qualify for an upward adjustment based on an "aggravating role" in the offense. First, the evidence does not demonstrate that Mr. Abu Ali had any appreciable decision-making authority concerning the crimes. Second, Mr. Abu Ali's participation in the conspiracies was not extensive as the Court will explain in further detail. Finally, there is no evidence that Mr. Abu Ali recruited accomplices or that he exercised any degree of control and authority over others. Therefore, the Court finds that Mr. Abu Ali did not have an "aggravating role" in the offense and

5

declines to increase Mr. Abu Ali's offense level.

**Step 2 - Selecting a Sentence Based on the Seven Factors in § 3553(a)**

Second, the Court finds that a sentence within the applicable Guideline range of life in prison does not serve the factors set forth in 18 U.S.C. § 3553(a), and instead the Court imposes a "non-Guidelines" sentence on Ahmed Omar Abu Ali for reasons to be stated in this Order.

**Step 3 - Implementation of Mandatory Statutory Limitations**

Third, in sentencing the Mr. Abu Ali, the Court is implementing the mandatory statutory limitations which require a mandatory minimum sentence of two hundred forty (240) months imprisonment on Count 8.

**Step 4 - Reasons for Imposing a Non-Guidelines Sentence**

Finally, the Court offers the following reasons, based on § 3553(a), to explain why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in that statute.

### **(1) The nature and circumstances of the offense and the history and characteristics of Mr. Abu Ali justify less than life imprisonment.**

First, although the crimes for which Mr. Abu Ali was tried and convicted are extremely serious, several factors underlying the commission of those crimes are relevant to this sentencing, including that:

> (a) Mr. Abu Ali never planted any bombs, shot any weapons, or injured any people, and there is no evidence that he took any steps in the United States with others to further the conspiracy;
> 
> (b) no witness testified that they personally saw or conspired with Mr. Abu Ali to commit any acts of violence and there is no evidence that there were other co-conspirators in the United States;
> 
> (c) no weapons were ever found in Mr. Abu Ali's possession; and
> 
> (d) no victim was injured in the United States by Mr. Abu Ali's actions.

Second, the history and characteristics of Mr. Abu Ali justify a non-Guidelines sentence that is less than life imprisonment. Mr. Abu Ali was born in Houston, Texas and moved to Arlington, Virginia at the age of four where he was raised by a mother who worked in the home and a father who worked outside of the home. Mr. Abu Ali was valedictorian of his high school in Falls Church, Virginia and later attended the University of Maryland to study engineering. He was a youth leader and camp counselor in his mosque. He has no prior criminal history and an

apparently good educational history.

Letters from friends, family, and numerous members of his community describe a positive portrait of his personality, intelligence, humility, and his general decent reputation as a young man.  Furthermore, Mr. Abu Ali's behavior has been excellent during his incarceration in the Alexandria Detention Center, a fact that was attested to at trial by correction officers who supervised and interacted with him.  He has been called a model prisoner despite some very onerous conditions of confinement which limit his contact with family and the outside world.  He has been in solitary confinement continuously.  And, although the government argues that Mr. Abu Ali's behavior was quite the opposite while in Saudi custody, the Court credits the testimony and observations of the officers and officials at the Alexandria Detention Center who testified before the Court.  All of these factors weigh in favor of the Court's decision to impose a non-Guidelines sentence that is less than life imprisonment.

**(2) A sentence of less than life imprisonment will adequately and reasonably reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.**

As mentioned, the crimes for which Mr. Abu Ali was tried and convicted are very serious.  That fact must be and, the Court believes, is reflected in the sentence that the Court will

announce today.  In addition to reflecting the seriousness of the offense, this sentence will provide just punishment for the offense because Mr. Abu Ali will be forced to spend his most productive years in prison and will lose the opportunity to build a family or career over that time as a result of his actions.  Additionally, this sentence will promote respect for the law because it seeks a fair and just result in light of the specific facts in this case.

### **(3) A sentence of less than life imprisonment will afford adequate deterrence to criminal conduct.**

The Court's sentence will specifically deter Mr. Abu Ali from engaging in criminal conduct both during his term of imprisonment and ultimately when he is released as a substantially older man.  According to the Life Expectancy Table contained in the Virginia Code, Mr. Abu Ali, as a 25-year old man, is expected to live another 48.7 years. Va. Code § 8.01-419.  In light of that expectation, the sentence that the Court will announce today carries a very lengthy term of imprisonment that will consume the <u>majority</u> of the remainder of Mr. Abu Ali's natural life expectancy.

Furthermore, the sentence carries a term of supervised release that will run for the <u>remainder</u> of Mr. Abu Ali's life expectancy following the end of his prison term.  This will provide additional deterrence to any future criminal conduct by Mr. Abu Ali because (a) he will be monitored by the Court and the

9

Probation Office and (b) he will immediately face yet another lengthy term of imprisonment if he violates any laws, terms of his release, or Orders of this Court during his term of supervised release.

The Court notes that the decisions that a 21-year old man may make are not necessarily the same decisions that would be made by a man of substantially advanced age who has had great time to reflect and mature.  Furthermore, the Court believes that there will be no need to incarcerate Mr. Abu Ali further upon release from his lengthy term of imprisonment because the risk of recidivism for one at the age Mr. Abu Ali will have attained is drastically lower than for a younger man.  The sentence will provide general deterrence to others because it is a lengthy punishment that raises the prospect of spending a substantial portion of one's adult life in prison for similar offenses.

Thus, the Court finds that this sentence will provide adequate deterrence to future criminal conduct and is "sufficient but not greater than necessary to achieve the statutory purposes of sentencing."

**(4) A sentence of less than life imprisonment will adequately and reasonably protect the public from further crimes of Mr. Abu Ali.**

First, Mr. Abu Ali will be of substantially greater age when he is released from prison, and a study by the United States Sentencing Commission demonstrates that "[r]ecidivism rates decline relatively consistently as age increases." United States Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 12 (May 2004). In fact, according to that study, "[a]mong all offenders age 21, the recidivism rate is 35.5 percent, while offenders over age 50 have a recidivism rate of 9.5 percent." *Id.*

Second, Mr. Abu Ali has no prior criminal record and his strong family ties in this jurisdiction further persuade the Court that the sentence being imposed will adequately and reasonably protect the public from further crimes of Mr. Abu Ali.

**(5) A sentence of less than life imprisonment is necessary to provide Mr. Abu Ali with needed educational training, medical care, and other correctional treatment in the most effective manner.**

Mr. Abu Ali is a young man who has demonstrated a propensity toward education and has pursued studies in science and religion at the collegiate level. He was the valedictorian of his high school here in Virginia and performed well enough academically to

11

become a young scholar in Medina, Saudi Arabia. Therefore, the Court finds that its sentence of less than life imprisonment takes into account the need to provide the defendant with educational training.

Furthermore, the Court's sentence, which carries a lengthy term of Supervised Release, takes into account the need to provide Mr. Abu Ali with medical care because his advanced age upon release from prison will likely require that he begin to receive some form of geriatric care and the burden of receiving that care can and will fall to Mr. Abu Ali, rather than the taxpayers who would otherwise pay the bill to incarcerate such an older man who, this Court believes, will not require imprisonment at his age.

**(6) Sentences besides life imprisonment are available.**

The Court notes that Mr. Abu Ali is subject to a mandatory minimum sentence of two hundred forty (240) months on Count 8, and while the Guidelines range recommends a term of life imprisonment, sentences besides life imprisonment are available and the Court finds that a "non-Guidelines" sentence is reasonable and is "sufficient but not greater than necessary to achieve the statutory purposes of sentencing."

> **(7) Finally, a sentence of less than life imprisonment will prevent an unwarranted disparity between Mr. Abu Ali and others with similar records who have been found guilty of similar conduct.**

The defendant cites the case of *US v. John Walker Lindh*, 227 F. Supp. 2d 565, 566 (E.D. Va. 2002), to make this point. In that case, Walker Lindh, a college-educated American like Mr. Abu Ali, pleaded guilty to supplying services to the Taliban and to carrying an explosive during the commission of a felony based on his conduct in fighting on behalf of the Taliban against United States soldiers in Afghanistan. Mr. Walker Lindh was sentenced to 20 years in prison. The government argues that the cases are dissimilar in that Mr. Abu Ali has been convicted of more, and more serious, offenses.

The Court notes that there are very few cases to which to compare Mr. Abu Ali's case for purposes of determining what sentence would constitute an "unwarranted disparity." And while it does not rest its judgment solely on a comparison to the Walker Lindh case, the Court is persuaded that, in light of the similarities to that case, a sentence of less than life imprisonment is necessary to prevent an unwarranted disparity in Mr. Abu Ali's case.

The Court also finds that the case of *US v. Timothy McVeigh and Terry Nichols*, *see, e.g.,* 153 F.3d 1166 (10th Cir. 1998), is instructive in fashioning a sentence for Mr. Abu Ali that

prevents an unwarranted disparity.  In that case, Timothy McVeigh and Terry Nichols were convicted of, among other charges, conspiring to bomb the Alfred P. Murrah federal building in Oklahoma City, Oklahoma.  *Id.* at 1176-79.  That building was destroyed by a truck bomb on April 19, 1995, and 168 people were killed and 500 were injured in one of the most horrific terrorist attacks ever carried out on United States soil.  In that case, McVeigh was sentenced to death by lethal injection and has since been executed.  Nichols received a federal sentence of life in prison without parole.

There are at least two very significant distinctions between that case and the case of Mr. Abu Ali.  First, the acts that were taken in furtherance of the respective conspiracies are vastly different.  Timothy McVeigh and Terry Nichols thoroughly planned their violent attack, meticulously acquired components for a large-scale bomb, assembled the bomb, acquired weapons and a rental truck to be used as part of the conspiracy, and ultimately parked the truck loaded with explosives in front of the Murrah federal building, set the charge, and caused the mass murder of, and extensive injuries to, hundreds of American citizens.  In contrast, Mr. Abu Ali took far fewer and much less significant steps in accomplishing the conspiracies for which he was convicted, and did not commit any act within the United States to carry out any attack related to those conspiracies.

Second, the magnitude and enormity of the impact of the criminal actions of McVeigh and Nichols stand in stark contrast to that which exists in the case of Mr. Abu Ali. As mentioned, the conspiracy and actions of McVeigh and Nichols resulted in the deaths of 168 men, women, and children and the often grave physical, emotional, and psychological injuries of hundreds more, and the two co-conspirators in that terrorist attack were sentenced to death and life in prison, respectively. In this case, however, Mr. Abu Ali's conspiracies and actions did not result in one single actual victim. There was no evidence offered at the trial that Mr. Abu Ali had accomplices in the United States or that any direct steps were taken here to ready an attack. That fact must be taken into consideration in fashioning a sentence in this case that avoids unwarranted disparity.

However, the Court wants to be very clear on this point. The Court and the law do not require that Mr. Abu Ali have been successful in carrying out any of the crimes contemplated by the various conspiracies for which he was convicted in order to severely punish him for his crimes. The law and this Court will not wait until there are victims of terrorist attacks to fully enforce the nation's criminal laws against terrorism. Acts of terrorism must be punished whether one has completed **or** conspired to carry them out. At the same time, this Court also believes that it must be able to make judgments about the nature, quality, and scope of the actions of individual defendants and to fashion

15

sentences that are based on the actual facts presented to the Court about such actions. This is an essential role of the Court and a critical component to allowing for "reasonable" sentences that avoid unwarranted disparities and are "sufficient but not greater than necessary to achieve the statutory purposes of sentencing."

### III. Conclusion

For the reasons detailed in this Order, the Court finds that a "non-Guidelines" sentence is reasonable and is "sufficient but not greater than necessary to achieve the statutory purposes of sentencing" as required by the federal Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), and sentences Mr. Ahmed Omar Abu Ali to a three hundred sixty (360) month term of imprisonment and a three hundred sixty (360) month term of supervised release at the conclusion of his term of imprisonment.

For the foregoing reasons, it is hereby

ORDERED that Mr. Ahmed Omar Abu Ali is COMMITTED to the custody of the United States Bureau of Prisons to be imprisoned for a term of THREE HUNDRED SIXTY (360) MONTHS. The sentence is allocated per Count as follows: Mr. Abu Ali shall serve one hundred twenty (120) months as to each of Counts 1,2,3,4,5,6, and 7, concurrent with one another; and two hundred forty (240) months as to each of Counts 8 and 9, concurrent with one another, but consecutive to the sentence in Counts 1 through 7, for a total term of imprisonment of THREE HUNDRED SIXTY (360) MONTHS.

It is further

ORDERED that Mr. Ahmed Omar Abu Ali shall serve a term of SUPERVISED RELEASE of THREE HUNDRED SIXTY (360) MONTHS following the conclusion of his term of imprisonment. The term of supervised release is allocated per Count as follows: Mr. Abu Ali shall serve thirty-six (36) months as to each of Counts 1,2,3,4,5, and 6, consecutive to one another; forty-eight (48) months as to Count 7, consecutive to all other Counts; sixty (60) months as to Count 8, consecutive to all other Counts; and thirty-six (36) months as to Count 9, consecutive to all other Counts, for a total term of supervised release of THREE HUNDRED SIXTY (360) MONTHS. It is further

ORDERED that the Court will not require Mr. Abu Ali to pay any restitution because his actions did not cause physical harm or financial damage to others. However, the Court will require Mr. Abu Ali to pay a $900.00 special assessment right away. The Court will not impose any other fines or costs of incarceration because it finds that Mr. Abu Ali does not have the ability to pay them. It is further

ORDERED that the Court RECOMMENDS to the United States Bureau of Prisons that Mr. Ahmed Omar Abu Ali be designated to a facility near his home and family, but within the security level as deemed appropriate.

It is further

ORDERED that the Court REQUESTS that the United States Bureau of Prisons review whether the Special Administrative Measures ("S.A.M.") that have been instituted for Mr. Abu Ali regarding solitary confinement and lack of contact with his family remain necessary and appropriate.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this \_\_\_17th\_\_\_\_ day of April, 2006.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
04/17/06