IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AHMED OMAR ABU-ALI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Nos. 1:05-cr-00053-GBL |
| ) | 1:12-cv-00474-GBL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Ahmed Omar Abu-Ali's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 444). This case concerns Petitioner's claims that the judgment and life sentence against him should be vacated because his appellate counsel failed to appeal the issues, which Petitioner believes, were most likely to succeed. Alternatively, Petitioner argues that his trial counsel rendered ineffective assistance of counsel by failing to properly raise and preserve the issues for appeal.

There are two issues before the Court. The first issue is whether appellate counsel rendered ineffective assistance of counsel when he failed to raise the following issues on appeal: (1) the district court erred by excluding general evidence concerning human rights violations in Saudi Arabia and testimony of other detainees; (2) Petitioner's rights under the Confrontation Clause were violated when the district court admitted hearsay statements made by other detainees that led to Petitioner's arrest; (3) the district court erred in admitting testimony from Saudi officials on the ground that said officials lacked personal knowledge; and (4) the government made improper remarks during closing statement (Docs. 444, 457). The second issue is whether trial counsel rendered ineffective assistance of counsel for failing to preserve these issues for appeal (Doc. 444).

The Court holds that Petitioner's trial and appellate counsel rendered constitutionally effective assistance of counsel. Counsel exhibited reasonable conduct by selectively determining which issues to raise on appeal and Petitioner failed to demonstrate the unreasonableness of counsels' conduct. Thus, Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 444) is DENIED.

## I. BACKGROUND[1]

Following a jury trial, Petitioner Ahmed Omar Abu-Ali was convicted of nine offenses arising out of his affiliation with an al-Qaeda terrorist cell in Medina, Saudi Arabia, and its plans to commit terrorist acts in the United States on November 22, 2005. *United States v. Abu Ali*, 528 F.3d 210, 221 (4th Cir. 2008). Petitioner was convicted of (1) conspiracy to provide material support and resources to a designated foreign terrorist organization (Al-Qaeda); (2) providing material support and resources to a designated foreign terrorist organization (Al-Qaeda); (3) conspiracy to provide material support and resources to terrorists; (4) providing material support and resources to terrorists; (5) contribution of services to Al-Qaeda; (6) receipt of funds and services from Al-Qaeda; (7) conspiracy to assassinate the President of the United States; (8) conspiracy to commit aircraft piracy; (9) conspiracy to destroy aircraft (Docs. 358, 397). On March 29, 2006, Abu Ali was sentenced to a term of 30 years imprisonment (Doc. 397).

Petitioner appealed both the conviction and sentence, and the government filed a cross appeal challenging the sentence (Docs. 394, 399). Petitioner raised the following issues on appeal:

1. Whether the District Court erred when it admitted the defendant's confession, despite strong evidence that the confession was made under

---

[1] The factual background preceding Petitioner's conviction is fully described in *United States v. Abu Ali*, 528 F.3d 210, 221 (4th Cir. 2008).

duress and despite the fact that the government failed to offer sufficient evidence of independent corroboration for the confession;

2. Whether the District Court denied the defendant his Sixth Amendment rights to confrontation and effective assistance of counsel when it permitted Rule 15 depositions to occur while preventing the defendant from attending them or having meaningful access to counsel during the course of the depositions;

3. Whether Mr. Abu Ali's statements should have been suppressed because they were taken in violation of federal law and his rights under the Fourth and Fifth Amendments, including his right to a prompt appearance before a neutral magistrate;

4. Whether the government's inappropriate remarks during summation, which included telling the jurors that they were all the potential victims of the defendant, and lack of any curative instruction denied Mr. Abu Ali a fair trial; and

5. Whether the District Court erred in finding that it did not have the power to address the Special Administrative Measures ("S.A.M.'s") imposed upon Mr. Abu Ali, even though they amount to an additional penalty which is the exclusive province of the court, and not the Bureau of Prisons ("B.O.P.").

(Doc. 444, Ex. 2, pgs. 1-2). On June 6, 2008, the Fourth Circuit Court of Appeals affirmed the conviction but remanded for resentencing. *See Abu Ali*, 528 F.3d at 210. On July 27, 2009, Petitioner was sentenced to life in prison (Doc. 438). Petitioner appealed to the Fourth Circuit (Doc. 436). The Fourth Circuit affirmed the life sentence on February 1, 2011. *United States v. Abu Ali*, 410 Fed. App'x 673 (4th Cir. 2011).

On April 27, 2012, Petitioner filed the present motion challenging his sentence (Doc. 444). The government filed a response in opposition to the motion on September 28, 2012 (Doc. 457), and Petitioner filed a reply on October 26, 2012 (Doc. 459).

## II.   STANDARD OF REVIEW

A motion under 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the

3

Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. When seeking relief under Section 2255, a petitioner bears the burden of proving his or her grounds for collateral relief by a preponderance of the evidence. *Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)).

Relief under 28 U.S.C. § 2255 is designed to remedy fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result[ ] in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 386 U.S. 424, 428 (1962)). A petitioner may not substitute a motion pursuant to § 2255 for an appeal; claims that have been waived are therefore procedurally defaulted unless the movant can show cause and actual prejudice. *United States v. Frady*, 456 U.S. 152, 165-67 (1982). An exception applies, however, when a defendant brings a claim of constitutionally ineffective assistance of counsel. *See United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998) ("A defendant can raise the claim of ineffective assistance of counsel in three ways: (1) in a motion for a new trial based on anything other than newly discovered evidence; (2) on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance; or (3) by a collateral challenge pursuant to 28 U.S.C § 2255.").

### III. ANALYSIS

The Court holds that appellate counsel did not render ineffective assistance of counsel for failure to raise the following issues on appeal: (1) the district court erred by excluding general evidence concerning human rights violations in Saudi Arabia and testimony of other detainees;

4

(2) Petitioner's rights under the Confrontation Clause were violated when the district court admitted hearsay statements made by other detainees that led to Petitioner's arrest; (3) the district court erred in admitting testimony from Saudi officials on the ground that said officials lacked personal knowledge; and (4) the government made improper remarks during closing statement. The Court will only find that appellate counsel was ineffective if Petitioner identifies issues that are stronger than those his attorney raised on appeal. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). The Court finds that Petitioner has not met his burden to overcome the presumption that his appellate attorney acted reasonably in the present case. Appellate counsel prepared a thorough appellate brief and raised five carefully selected issues on appeal. *See* Doc. 444, Ex. 2. Appellate counsel made strategic decisions when selecting the arguments most likely to succeed on appeal, and the Court may not require the attorney to raise all issues with potential merit. *Grimm v. Aiken*, 775 F.2d 1226, 1235 (4th Cir. 1985). Petitioner has failed to demonstrate that the arguments he identifies were more likely to succeed on appeal, and thus appellate counsel's performance did not fall below an objective standard of reasonableness. *See Smith*, 528 U.S. at 288. Accordingly, Petitioner has failed to satisfy the first part of the *Strickland* test, and has not established a valid claim for ineffective assistance of appellate counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring a defendant to show both deficient performance and prejudice before establishing a claim for ineffective assistance of counsel).

The Court further holds that trial counsel did not render ineffective assistance counsel for failure to preserve issues Petitioner argues should have been appealed. Trial counsel does not provide ineffective assistance for failure to object to evidence when the objection would have been overruled and the evidence was otherwise admissible. *See Hayes v. New York*, 311 F.3d 321, 327 (4th Cir. 2002). Because Petitioner has not shown that trial counsel's performance fell

5

below an objective standard of reasonableness, he has failed to establish a valid claim for ineffective assistance of counsel under *Strickland*. *See* 466 U.S. at 687.

The Sixth Amendment affords a criminal defendant the right to "reasonably effective assistance" from counsel. *Strickland*, 466 U.S. at 687. To prevail on an ineffective assistance claim, a petitioner must show: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Id.* A petitioner alleging ineffective assistance of counsel must satisfy both prongs of the *Strickland* test to prevail. *See, e.g., United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (citing *Williams v. Kelly*, 816 F.2d 939, 946-47 (4th Cir. 1987)). Where a court finds that "the defendant makes an insufficient showing on one" of the prongs, consideration of the other is unnecessary. *Merzbacher v. Shearin*, 406 F.3d 356, 365-66 (4th Cir. 2013) (citing *Strickland*, 466 U.S. at 697). Accordingly, a finding that counsel's conduct was reasonable negates the need to determine the prejudicial effect of such conduct. *See, e.g., Gardner v. Ozmint*, 511 F.3d 420, 429 n.3 (4th Cir. 2007) (citing *Roane*, 378 F.3d at 409 n.15) ("Having concluded that counsel's performance was not deficient under *Strickland*...we need not decide whether that performance prejudiced the defense.").

In applying the *Strickland* standard to claims of ineffective assistance of appellate counsel, the Fourth Circuit affords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1989). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A court must consider "the practical limitations and tactical decisions that counsel faced" when making an ineffective assistance of counsel determination. *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir.1991).

Appellate counsel is not obligated to assert all non-frivolous issues on appeal, rather, the court must only determine whether counsel made a reasonable decision in refusing to raise an issue on appeal. *Smith v. South Carolina*, 882 F.2d 895, 898-99 (4th Cir. 1989). "Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on the failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith*, 528 U.S. at 288. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of ineffective assistance of counsel be overcome." *Id.* at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

A. **Exclusion of the State Department Report and Witness Testimony**

   1. **Ineffective Assistance of Appellate Counsel**

Petitioner's first claim for ineffective assistance of counsel pertains to the exclusion of the 2004 Country Report on Human Rights Practices, Saudi Arabia issued by the United States Department of State ("Report") and related witness testimony. The Court holds that appellate counsel's failure to challenge the exclusion of the Report and related witness testimony was objectively reasonable in light of the Court's thorough consideration of this issue.

The Report at issue describes general conditions of human rights across Saudi Arabia in the year 2003, including general allegations of torture by Mahabith officers, criticisms of the criminal justice system, the status of women and minorities, and restrictions on dissent and political activity (Doc. 144, Ex. 1). During Rule 15 depositions of Mahabith officers, the

government elicited testimony about general Mahabith policies and practices of managing the prisoner and interrogation policies (Doc. 250). Over defense counsel's objection, the Court granted the government's motion in limine to exclude the Report finding "that information concerning alleged human rights abuses in the Saudi criminal justice system is irrelevant and prejudicial to the extent that it does not involve the treatment experienced by defendant . . ." (Doc. 249). Defense counsel moved to reconsider the Court's Order arguing that the Mahabith officers' testimony "opened the door" to admission of the Report. *Id.* Defense counsel also sought to introduce the testimony of Sabri Benkhala, an American detainee, and other British and Canadian detainees who were allegedly tortured while detained by Mahabith officials. *Id.* The Court denied the motion for reconsideration and precluded the proffered witness testimony (Doc. 286). The Court revisited this issue once again at trial. After careful consideration, the Court affirmed its ruling that "evidence concerning allegations of physical abuse or torture of officials – of detainees by Saudi Arabian officials that are other than Mr. Abu Ali are not relevant, not admissible." Trial Transcript dated November 7, 2005, pgs. 6-12.

In support of this claim, Petitioner argues that appellate counsel should have appealed the Court's exclusion of the Report and related witness testimony because the Report is admissible under Rule 803(8), and the government opened the door to admission of the Report and proposed witness testimony.

Federal Rule of Evidence 803(8)(C) allows into evidence public reports that (1) set forth factual findings (2) made pursuant to authority granted by law (3) that the judge finds trustworthy. Fed. R. Evid. 803(8)(C). Public reports, otherwise admissible under Rule 803(8)(C), may nonetheless be excluded in whole or in part if the trial court finds that they are either irrelevant or more prejudicial than probative. *See United States v. MacDonald*, 688 F.2d

8

224, 230 (4th Cir. 1982) (Rule 803(8)(c) does not mandate admission, it only allows reception of qualifying evidence). The ultimate decision of whether to admit an otherwise admissible report under Rule 803 is "discretionary with the trial court." *Id.* The Court correctly determined that the Report and proposed witness testimony were irrelevant to the central issues at trial- whether the Petitioner was tortured during his detention in Saudi Arabia, and whether the statements he made while in custody were involuntary. The Court allowed limited testimony from the Brigadier General and Captain who presided over the interrogation of Petitioner, as well as the Lieutenant Colonel who was the warden at the prison in Medina. These witnesses testified that Petitioner was not blindfolded or restrained in any way during his interrogation, and that he was provided food, water and access to a bathroom during breaks in the interrogation. *Abu Ali*, 528 F.3d at 240. These witnesses adamantly denied that they directed, participated in, or were aware of any government official using physical force or psychological coercion against Petitioner. *Id.* They also testified briefly about general Mahabith policies and practices about the use of force and violence with respect to interrogation practices. Trial Transcript dated November 7, 2005, pgs. 6-12. The Court allowed limited testimony of these individuals about the general policy and practices of the Mahabith because they had personal knowledge of Petitioner's interrogation, arrest and detention. *Id.* The Court determined that any evidence concerning alleged human rights abuses in the Saudi criminal justice system was irrelevant and prejudicial to the extent that it does not concern the treatment experienced by Petitioner (Doc. 240). While the Report may be admissible under Rule 803(8), the Court nonetheless had the discretion to exclude it and related testimony on the grounds that the evidence was irrelevant and more prejudicial than probative.

Even if the government had "opened the door" to rebuttal evidence, the Report and witness testimony were inadmissible as they were not reasonably tailored to the evidence

Petitioner sought to refute. The Court correctly ruled that evidence concerning alleged human rights abuses in the criminal justice system in Saudi Arabia is irrelevant and prejudicial because it did not involve the conduct of Lieutenant Colonel, Captain and Brigadier General in their treatment of Petitioner (Doc. 240). Rebuttal evidence is "evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party. That which tends to explain or contradict or disprove evidence offered by the adverse party." *Id.* at 897 (quoting Black's Law Dictionary 1267 (6th ed. 1990). Evidence is admissible as rebuttal when it is "reasonabl[y] tailored to the evidence it seeks to refute." *United States v. Stitt*, 250 F.3d 878 (4th Cir. 2001)). The Report, proposed witness testimony, and other general information about alleged human rights abuses were not reasonably tailored to rebut the government witness testimony because it lacked information specific to Petitioner's experience that could directly contradict testimony about the particular circumstances surrounding Petitioner's detention and interrogation. *See United States v. Reddicks*, 237 Fed. App'x 826, 830-31 (4th Cir. 2007) (rebuttal evidence is reasonably tailored when there is a nexus between the evidence and that which is rebutted such that one is the converse of the other). Because there was an insufficient nexus regarding the factual content of the government witness testimony and the evidence Petitioner sought to introduce, the Report did not constitute admissible rebuttal evidence. *Id.*

Petitioner cites to *United States v. Gaskell*, 985 F.2d 1056 (11th Cir. 1993) and *United States v. Sellers*, 566 F.2d 884 (4th Cir. 1977) for the proposition that it is an abuse of discretion to "exclude the otherwise admissible opinion of a party's expert on a critical issue, while allowing the opinion of his adversary on the same issue" (Doc. 444). The circumstances in *Gaskell* and *Sellers* are inapplicable to the present case because the government elicited

testimony from individuals personally involved in the detention and interrogation of Petitioner, *see Abu Ali*, 528 F.3d at 232-33, thus, the rule regarding expert witness testimony does not apply.

Moreover, appellate counsel's decision to forgo raising this challenge on appeal was objectively reasonably in light of the Fourth Circuit's standard of review on evidentiary rulings. Appeals based upon evidentiary rulings carry a heavy burden of proof on appeal and are rarely overturned. *United States v. Cloud*, 680 F.3d 396, 401 (4th Cir. 2012). Appellate courts review "evidentiary rulings for an abuse of discretion and will only overturn an evidentiary ruling that is arbitrary and irrational." *Id.* (no abuse of discretion when the court admitted victim-impact statements after determining that the evidence was relevant and the probative value of the evidence was not outweighed by a risk of unfair prejudice).

In light of the foregoing, it is highly unlikely that the Fourth Circuit would have deemed the Court's ruling to be arbitrary or irrational. Accordingly, the Court finds that appellate counsel's failure to raise this issue on appeal does not fall below the objective level of reasonableness under *Strickland*. Because Petitioner failed to satisfy the first part of the *Strickland* analysis to demonstrate that his counsel's performance was deficient, the Court need not consider the second part of the analysis to determine that Petitioner did not receive ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687. Thus, Petitioner's claim for ineffective assistance of appellate counsel is DENIED.

### 2. Ineffective Assistance of Trial Counsel

Likewise, Petitioner's claim that his trial counsel rendered ineffective assistance of counsel also fails as Petitioner acknowledges that trial counsel properly preserved this issue for habeas review (Doc. 459). Thus, Petitioner's claim for ineffective assistance of trial counsel is DENIED.

B.  **Confrontation Clause and Hearsay Challenge**

  1.  **Ineffective Assistance of Appellate Counsel**

Petitioner's second claim for ineffective assistance of counsel relates to appellate counsel's failure to challenge on appeal, as a violation of the Confrontation and the hearsay rules, the testimony by Mahabith officers recounting the investigative process by which they identified Petitioner as a suspected member of the al-Qaeda cell in Medina (Doc. 444). The Court holds that appellate counsel did not render ineffective assistance of counsel for failure to challenge this issue on appeal because the testimony at issue was elicited to provide context to the law enforcement investigation of Petitioner. Therefore, the testimony was non-hearsay and not subject to the Confrontation Clause.

Under the Sixth Amendment, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. Amend. VI. As the Supreme Court explained in *Crawford v. Washington*, the Confrontation Clause of the Sixth Amendment prohibits the admission of out of court statements that are testimonial unless the declarant is unavailable and the defendant had a previous opportunity to cross-examine the declarant. 541 U.S. 36, 51-52 (2004). The Supreme Court explained that "[t]he Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford*, 541 U.S. at 59 n. 9; *see also Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985) ("The non-hearsay aspect of [the declarant's] confession-not to prove what happened at the murder scene but to prove what happened when respondent confessed-raises no Confrontation Clause concerns."). Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). If a trial court admits a statement,

made by an available declarant whom the defendant has not had the opportunity to cross-examine, for a purpose other than for the truth of the matter asserted, the admissibility of that statement does not violate the Confrontation Clause.

In particular, Petitioner argues that this Court improperly admitted the testimony of Mahabith officers explaining how they learned of Petitioner's alias, ethnic background and identity from other members of the al-Qaeda cell (Doc. 444). Petitioner claims that the testimony was testimonial in nature, far exceeded the bounds necessary to establish background, and was prejudicial because of the lack of a limiting instruction.

The Fourth Circuit has long held that out of court statements offered for the limited purpose of explaining why a government investigation was undertaken is not hearsay. *See United States v. Love*, 767 F.2d 1052, 1063 (4th Cir. 1985) (officer's testimony concerning information he received from a fellow DEA agent about investigation "was offered not for its truth but only to explain why the officers and agents made the preparations that they did in anticipation of the appellant's arrest"); *United State v. Obi*, 239 F.3d 662, 668-69 (4th Cir. 2001) (citing *Love*); *United States v. Armstrong*, 257 Fed. Appx. 682, 687 (4th Cir. 2007) (same); *United States v. Wackman*, 359 Fed. Appx. 413, 417 (4th Cir. 2010) (same); *United States v. Washington*, 461 Fed. Appx. 215, 221 (4th Cir. 2012) (same).

In *Obi*, the Fourth Circuit held that out of court statements regarding a government investigation were admissible for two reasons. First, the evidence was admissible to explain why a government investigation took place, rather than for the truth of the matter asserted in the statements, which is "a purpose recognized as legitimate in this circuit." *Obi*, 239 F.3d at 668. Second, the evidence was admissible because "it cannot be said that the hearsay testimony was the *de facto* basis for Obi's convictions" when the government had "a substantial amount of

evidence" to support the conviction. *Id.* As in *Obi*, the statements at issue were admissible because they provided explanation as to the government's purpose for initiating the investigation. Furthermore, these statements were not the sole basis for Petitioner's conviction. As affirmed by the Fourth Circuit, the government presented extensive evidence during the trial, including Petitioner's own confessions and independent corroborating evidence. *Abu Ali*, 528 F.3d at 236-37.

Petitioner also contends that the Court's failure to give a limiting instruction constitutes error. Trial counsel, however, never requested a limiting instruction. This Court's failure to give a limiting instruction in absence of a request does not constitute error. *See United States v. Mark*, 943 F.2d 444, 449 (4th Cir. 1991) ("A district court does not commit reversible error by failing to give a limiting instruction for a defendant where one was never requested."). *United States v. Mark*, 943 F.2d 444, 449 (4th Cir. 1991).

The Court finds that the performance of Petitioner's appellate counsel did not fall below an objective of reasonableness when he chose not to appeal the hearsay and Confrontation Clause issues because his decision was reasonably calculated based on the chances the claim would succeed on appeal. *See Branker*, 517 F.3d at 709. Because Petitioner failed to satisfy the first prong of the *Strickland* analysis to demonstrate that his counsel's performance was deficient, the Court need not consider the second part of the analysis to determine that Petitioner did not receive ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687.

2. **Ineffective Assistance of Trial Counsel**

The Court finds that trial counsel's failure to request a limiting instruction to caution the jurors that the testimony was to be used as background evidence, rather for the truth of the matter asserted was erroneous. Nonetheless, this error does not rise to the level of prejudice as required

under *Strickland*. Taking the evidence against Petitioner as a whole, it is unlikely that a limiting instruction would have changed the outcome of the trial given the substantial evidence of Petitioner's guilt. *See Berghuis v. Thompkins*, 560, U.S. 370 (2010) (trial counsel's failure to request limiting instruction did not amount to ineffective assistance of counsel in light of the compelling evidence of defendant's guilt). At trial, the government introduced substantial evidence linking Petitioner with other members of his al-Qaeda cell, including:

1. A videotaped oral confession and handwritten confession by Petitioner describing his recruitment, training and planning for terrorist operations with members of the al-Qaeda cell;

2. Videotaped images of various weapons, explosives, cell phones, computers, and walkie-talkies seized by the Mahabith during the search of an al-Qaeda safe house where Petitioner admitted to staying;

3. A document containing Petitioner's admitted alias recovered by the Mahabith from one of the al-Qaeda safe houses that was raided;

4. A document recovered by the Mahabith from the safe house reflecting a translation of a videotape in English that Petitioner admitted preparing at the direction of the leader of the Medina cell; and

5. Petitioner's intercepted communications with the second in command of the Medina cell where he discusses Mahabith raids on the terrorist safe houses and the whereabouts of the cell leader.

*See Abu Ali*, 528 F.3d at 236-37; Doc. 457. The jury, therefore, had substantial evidence linking Petitioner to the al-Qaeda cell independent of the challenged hearsay testimony. Thus, trial counsel's failure to request a limiting instruction was not prejudicial to the outcome of the trial. Accordingly, Petitioner's claim for ineffective assistance of counsel is DENIED.

C.  **Personal Knowledge of Witnesses**

   1.  **Ineffective Assistance of Appellate Counsel**

Petitioner's third claim of ineffective assistance of counsel concerns the testimony of the Lieutenant Colonel, General and Captain, all employees of the Mahabith prison in Medina while

Petitioner was in custody, as to Petitioner's treatment during detention and statements concerning the roles of other detainees, "their alleged ties to and positions within the alleged al-Qaeda cell, and the actions that members of that cell allegedly committed." (Doc. 444). The Court holds that Petitioner did not receive ineffective assistance of appellate counsel when his attorney did not appeal the admission of Mabahith officers' testimony on grounds that they lacked personal knowledge. It was reasonable for Petitioner's appellate counsel to decide this issue would not succeed on appeal because it was unlikely the Fourth Circuit would have reversed under the plain error standard given that the testimony was admissible, as explained below. Because trial counsel did not object to the testimony during trial, the Fourth Circuit would review admission of the evidence under a plain error standard. *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006) ("When a party fails to object to the admission of evidence, however, we review the admission for plain error").

2. **Ineffective Assistance of Trial Counsel**

The Court finds that Petitioner's trial counsel did not provide ineffective assistance of counsel when he did not object to testimony that Petitioner claims violated the personal knowledge requirement in Federal Rule of Evidence 602 because the evidence was admissible. Trial counsel does not provide ineffective assistance for failure to object to evidence when the objection would have been overruled and the evidence was otherwise admissible. *See Hayes v. New York*, 311 F.3d 321, 327 (4th Cir. 2002). Under Federal Rule of Evidence 602, evidence is inadmissible "only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to." *M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 681 F.2d 930, 932 (4th Cir. 1982); *United States v. Brown*, 669

F.3d 10, 22 (1st Cir. 2012). Although firsthand observation is one way to establish personal knowledge, it is not required. *United States v. Christie*, 624 F.3d 558, 568 (3d Cir. 2010).

Supervisory law enforcement agents may testify about aspects of an investigation they did not personally observe when the court finds that their "supervisory involvement provided an appropriate level of personal knowledge." *Christie*, 624 F.3d at 568. In *Christie*, the Third Circuit found that a lead FBI agent had sufficient personal knowledge to testify about various aspects of the investigation because he oversaw the investigation, was familiar with the case, and coordinated or personally directed steps taken by other agents. *Id.* The court held that the agent could testify to information beyond what he personally observed based on his supervisory role. *Id.*

As in *Christie*, testimony of the Mabahith officers was admissible because, based on their supervisory roles, the witnesses had sufficient personal knowledge to testify to various aspects of the investigation regarding Petitioner, even beyond what they personally observed. *See Christie*, 624 F.3d at 568. First, the Lieutenant Colonel's testimony was admissible because he was the warden at the Medina detention facility at the time Petitioner was in custody. *Abu Ali*, 528 F.3d at 232. Like the duties of the FBI agent in *Christie*, 624 F.3d at 568, the Lieutenant Colonel oversaw the detention facility staff, had personal knowledge of the policies and procedures governing the detention facility, and was present to see that the policies were enforced during the time Petitioner was held there. *See Abu Ali*, 395 F.Supp.2d at 345-46. Second, the testimony of the Brigadier General and Captain was admissible because those individuals were Petitioner's principal interrogators when he was detained in Riyadh. *Id.* at 346. The Court found that, based on their personal contact with Petitioner and their leadership roles in his interrogation, the Brigadier General and Captain had knowledge of Petitioner's experience while detained in

Riyadh and the investigation as a whole. *See id.* at 346-47. Given the supervisory roles of all three of these witnesses, it was reasonable for Petitioner's trial counsel not to object to their testimony because it was likely admissible in light of binding Fourth Circuit precedent. *See Christie*, 624 F.3d at 568.

Petitioner argues that the present case must be distinguished from *Brown* and *Christie* and other cases that recognize a supervisory law enforcement officer's ability to testify to investigations when they have not personally participated in every step of the process. Petitioner contends that the admissibility under Rule 602 depends on the source of the witness's knowledge because "such testimony is improper where it is based upon information obtained from an informant or co-conspirator that does not testify" (Doc. 444) (citing *Brown*, 669 F.3d at 24). Petitioner's assertion fails because, even if the source of the witnesses' testimony was an informant or co-conspirator, that alone would not render the attorney's performance deficient for failure to object. Given the clear similarities between the supervisory roles of witnesses here and in other cases where courts have allowed such testimony, it was reasonable for Petitioner's trial counsel to believe that an objection to the testimony would be overruled. *See Christie*, 624 F.3d at 568. Accordingly, Petitioner has failed to demonstrate that his appellate and trial counsels' actions fell below an objective standard of reasonableness, as required under the first prong of the *Strickland* test, and he therefore fails to establish a claim for ineffective assistance of counsel. *See Strickland*, 466 U.S. at 688.

### D. Alleged Prosecutorial Misconduct During Summation

Petitioner's final claim of ineffective assistance of counsel concerns appellate and trial counsel's failure to challenge on appeal alleged prosecutorial misconduct during closing argument. Specifically, Petitioner contends that the prosecutor violated the "golden rule" by

stating that Petitioner was planning to come back to the United States to "kill us" and asking the jurors to place themselves in the shoes of the Petitioner (Doc. 444). Petitioner challenged these very statements on direct appeal. *See* Doc. 444, Ex. 2, pgs. 49-58. The Fourth Circuit expressly held that the prosecutor's closing argument was not improper. *See United States v. Abu Ali*, 395 F.Supp.2d 210, 243 (4th Cir. 2008). It is widely held that a Section 2255 motion may not be used to relitgate an issue that was raised and considered on direct appeal absent an intervening change in the law. *See Withrow v. Williams*, 507 U.S. 680, 720–21 (1993) (Scalia, J., concurring) ("prior opportunity to litigate an issue should be an important equitable consideration in any habeas case, and should ordinarily preclude the court from reaching the merits of a claim, unless it goes to the fairness of the trial process or to the accuracy of the ultimate result"); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (an issue previously decided on direct appeal may not be raised on collateral review); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012) (a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a Section 2255 proceeding unless there has been a change in controlling law); *Yick Man Mui v. United States*, 614 F.3d 50, 55 (2d Cir. 2010) (a Section 2255 petitioner many not relitigate questions which were raised and considered on direct appeal, including claims of ineffective assistance of counsel); *White v. United States*, 371 F.3d 900, 902 (7th Cir.2004) ("Invoking the doctrine of the law of the case, the courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal."). Because this claim was raised on direct appeal and deemed meritless, and Petitioner has not cited an intervening change in the law, he may not relitigate this claim in his present Section 2255 petition. Accordingly, Petitioner's claim for ineffective assistance of appellate and trial counsel on this ground is DENIED.

## III. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (Doc. 444). Petitioner has failed to demonstrate that appellate and trial counsel's performance fell below an objective level of reasonableness under *Strickland*.

Accordingly, **IT IS HEREBY ORDERED** Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (Doc. 444) is **DENIED**.

**IT IS SO ORDERED**.

ENTERED this 28th day of October, 2013.

Alexandria, Virginia
10 / 28 / 2013

                                                        /s/
                                              Gerald Bruce Lee
                                              United States District Judge